The opinion of the Court was delivered by
Glower, J.
In considering the first objection interposed by the appellants to the appointment of commissioners, we must ascertain the intention of the Legislature, defining the southern terminus of the North-Eastern Railroad. The fifth section of the Act incorporating the company, (12 Stat. 129,) provides that the road shall be constructed “ from Charleston, or from any point on the east bank of the Cooper river, within three miles of Charleston, to such point on or near the Wilmington and Manchester Railroad, west of the Great Pee Dee, as may be selected,” &c. The appellants contend, that “from Charleston,” restricts the southern terminus to the corporate boundary of the city. On the other side it is argued, that the words are not exclusive, and that the Company is authorized to commence their road at any point within the city. The commencement of a traveller’s journey may, as was suggested, be referred to some point within the corporate limits, but when the Legislature authorizes and directs that a road shall be made “ from Charleston,” the boundary of the city is indicated as the terminus a quo. For the public convenience, streets and ways *179 are provided by tbe corporation, and within their jurisdiction the extension of the road is superseded. When it is proposed to extend a railroad within the corporate limits of a city or town, the intention to do so is not left to conjecture, as in the Statute 6 and 7 Wil. IV., ch. 106, where the Eastern Counties’ Railway Company are empowered to make a road, commencing in London and ending in, at or near Norwich and Great Yarmouth. Unless the Legislature had, by a late Act (December, 1854,) granted to the NortlnEastern Railroad Company the right to extend their road to the appellants’ land, (which, in the opinion of this Court, they could not do under the fifth section of the Act of 1851,) some embarrassment may have ensued; but such considerations cannot aid or influence the Court in the construction of charters conferring large and important powers, affecting both the public and individuals. Corporations will be protected in the exercise and enjoyment of their chartered rights, and must be restrained in the unauthorized extension or abuse of the powers delegated to them. Speaking of their powers, duties and liabilities, Lord Eldon says, “ I apprehend that those who come for these acts of Parliament, do in effect undertake, that they shall do and submit to whatever the Legislature empowers or compels them to do, and that they shall do nothing else; that they shall do and forbear all that they are thereby required to do and forbear, as rvell with reference to the interests of the public, as with reference to the interests of individuals.” (1 Myl. & K. 162.)
We are of opinion that the fifth section of the Act of 1851, confines the terminus of the North-Eastern Railroad “ from Charleston” to the corporate boundaries of the city, and that the appellants showed sufficient cause against the appointment of commissioners to assess their lands.
Motion granted.
Wae.di.aw, Withers, and Whitner, JJ., concurred.

Motion granted.